# IN THE COURT OF APPEALS OF IOWA

No. 15-0447
Filed April 27, 2016

**MERCY HOSPITAL, CEDAR RAPIDS, IOWA
d/b/a MERCY MEDICAL CENTER,**
    Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF PUBLIC HEALTH,
STATE HEALTH FACILITIES COUNCIL,**
    Respondent-Appellee,

and

**ST. LUKE'S HOSPITAL,**
    Intervenor-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.

Mercy Hospital, Cedar Rapids, Iowa challenges a certificate of need

granted to St. Luke's Hospital.  **AFFIRMED.**

Edwin N. McIntosh and William J. Miller of Dorsey & Whitney, L.L.P., Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and Heather L. Adams and Meghan L.

Gavin, Assistant Attorneys General, for respondent-appellee.

Rebecca A. Brommel, Catherine C. Cownie, and Michael E. Jenkins of

Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des

Moines, for intervenor-appellee.


Heard by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

In 2014, St. Luke's Hospital (St. Luke's) in Cedar Rapids applied to the Iowa Department of Public Health, State Health Facilities Council (Council), for a Certificate of Need (CON) for the purchase of a linear accelerator and a computed tomography scanner to provide fixed external beam radiation therapy for St. Luke's cancer patients. Mercy Hospital, Cedar Rapids, Iowa (Mercy), which operates three linear accelerators in Cedar Rapids, opposed this application. The Council granted the CON. Mercy requested rehearing, which was denied. Mercy petitioned for relief in the district court, which the district court denied. Mercy timely filed this appeal.

On appeal, Mercy contends the Council's decision was incorrect for four reasons. First, Mercy argues the decision was contrary to the Council's 2010 decision denying St. Luke's similar application for a CON and was made without adequate justification for the contrary result. *See* Iowa Code § 17A.19(10)(h) (2013). Second, Mercy argues the Council failed to consider required statutory factors set forth in Iowa Code section 135.64(2)(a), (b), and (d), or its findings related to those statutory factors were not supported by substantial evidence. Third, Mercy contends the Council failed to consider demand for radiation therapy services in the relevant geographical area as required by Iowa Administrative Code rule 641-203.3(3)(b). Last, Mercy believes the Council illogically and improperly considered economic competition in reaching its decision.

"We review a district court decision on a petition for judicial review pursuant to section 17A.19 for errors at law." *Greenwood Manor v. Iowa Dep't of*

*Pub. Health*, 641 N.W.2d 823, 830 (Iowa 2002). "We will affirm if we reach the same conclusions as the district court. To determine whether our conclusions are aligned with those of the district court, we look to the standards of section [17A.19(10)]." *Id.* (citations omitted). The relevant standards are set forth in the code and need not be repeated herein, except to note we review the challenged findings to determine whether they are supported by substantial evidence. *Compare Travelers Indem. Co. v. Comm'r of Ins.*, 767 N.W.2d 646, 650 (Iowa 2009) (holding findings in "other agency action" are reviewed for substantial evidence due to amendments to the Iowa Code), *with Greenwood Manor*, 641 N.W.2d at 831 (relying on former code provision and stating the court will not disturb "other agency action" unless the "agency committed an error of law or acted unreasonably, capriciously, or arbitrarily").

The district court issued a thorough ruling on Mercy's petition for judicial review. Upon independent review of the record and the parties' arguments, in light of the applicable statutory standards upon which relief could be granted, we adopt the district court's ruling and its conclusions set forth therein as our own. We affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**